UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>CYNTHIA BRISENO,<br><br>Respondent. | No. 1:17-cv-01288-DAD-SKO<br><br>ORDER FINDING RESPONDENT IN CIVIL CONTEMPT OF ORDERS FILED JANUARY 18, 2018 AND MARCH 16, 2018<br><br>(Doc. Nos. 11, 16) |

This matter is before the court on the order to show cause issued March 16, 2018. (Doc. No. 16.) On April 17, 2018, that order came before the court for hearing. Attorney John Edwards appeared on behalf of petitioner United States of America. Respondent made no appearance at this hearing.[1] For the reasons that follow, the court finds respondent in civil contempt for her failure to comply with the court's order directing her to comply with a summons from the Internal Revenue Service ("IRS") issued January 24, 2017 (Doc. No. 11) and for her failure to comply with the court's order to show cause. (Doc. No. 16.) A bench warrant shall issue for the arrest of respondent.

/////

---

[1] In the court's minute order issued in advance of the hearing, respondent was ordered to personally appear. (Doc. No. 18)

1

On September 28, 2017, petitioner filed a petition to enforce an IRS summons. (Doc. No. 1.) That petition stated that IRS Revenue Officer Lorena Ramos ("Ramos") was conducting an investigation into respondent's tax liability, in furtherance of which Ramos sought to examine books, records, papers and other data belonging to respondent. (*Id.* at ¶¶ 4–6.) Pursuant to that investigation, Ramos issued an IRS summons directing respondent to appear on February 23, 2017 to testify and produce the books and records sought. (*Id.* at ¶ 6.) Though Ramos served an attested copy of the summons at respondent's usual place of abode, respondent failed to appear on February 23, 2017. (*Id.* at ¶¶ 7–8.) After a hearing on the matter, the assigned magistrate judge issued findings and recommendations, recommending that the IRS summons be enforced and directing respondent to appear at the IRS offices. (Doc. No. 8.) On January 18, 2018, the undersigned adopted those findings and recommendations in full. (Doc. No. 11.)

On March 14, 2018, petitioner notified the court that the government had mailed a letter to respondent setting a date for respondent to appear at the IRS offices. (Doc. No. 13 at ¶ 5.) Respondent failed to appear on the appointed date, and as of petitioner's filing, respondent has still not complied with this court's order. (*Id.* at ¶¶ 5–6.) Accordingly, petitioner requested that the court enter an order directing respondent to show cause why she should not be judged in civil contempt. (*Id.* at ¶ 1.) On March 16, 2018, the court issued its order to show cause and directed respondent to file and serve a written response to the court's January 18, 2018 order within seven days. (Doc. No. 16.) In that order, respondent was warned that any failure to comply will subject her to possible further sanctions for contempt of court. (*Id.*) To date, plaintiff has not complied with the court's order.

"A court has the inherent power to punish for civil or criminal contempt any obstruction of justice relating to any judicial proceeding." *Lambert v. Montana*, 545 F.2d 87, 88 (9th Cir. 1976). "Civil contempt is characterized by the court's desire to compel obedience to a court order . . . or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966) and *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 448–49 (1911)). "The party alleging civil contempt must demonstrate

that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.1993). "An alleged contemnor may defend against a finding of contempt by demonstrating a present inability to comply." *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (citations omitted). "Ability to comply is the crucial inquiry, and a court should weigh all the evidence properly before it determines whether or not there is actually a present ability to obey." *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (internal quotation marks omitted) (citing *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996)).

In support of its petition seeking an order to show cause, petitioner submits the sworn declaration of Ramos. (Doc. No. 13-1 ("Ramos Decl.").) Ramos states in her Declaration that in accordance with this court's January 18, 2018 order (Doc. No. 11), she followed up with respondent and attempted to schedule an appointment for February 9, 2018 at 1 p.m. (*Id.* at ¶ 3; Doc. No. 13-2.) After receiving no response to this correspondence, Assistant United States Attorney Kelli Taylor mailed a letter to respondent, reminding her of this court's enforcement order and warning respondent that she will be held in contempt if she fails to comply. (Ramos Decl. at ¶¶ 3–4; Doc. No. 13-3 at 1.) Assistant United States Attorney Taylor gave respondent another opportunity to appear on March 2, 2018 at 10:00 a.m., but respondent again failed to appear. (Ramos Decl. at ¶¶ 5–6; Doc. No. 13-3 at 1.)

Based upon this evidence—which respondent has not attempted to rebut—the court finds that petitioner has demonstrated by clear and convincing evidence that respondent has failed to comply with the court's January 18, 2018 order directing respondent to appear before the IRS and produce the books and records sought. (Doc. No. 11.) The court also finds that respondent has failed to comply with the court's March 16, 2018 order directing respondent to file and serve a written response to the January 18, 2018 order (Doc. No. 16), as evidenced by the absence of any responsive documents on the court's docket. Respondent has provided no indication that she is presently unable to obey these orders, nor is the court aware of any facts that would support such a conclusion.

/////

Accordingly,

1. The court finds respondent Cynthia Briseno in civil contempt of this court for her failure to comply with the court's orders (Doc. Nos 11, 16);
2. A bench warrant for the arrest of respondent Cynthia Briseno shall issue; and
3. Following arrest, respondent Cynthia Briseno is to be brought before this court for hearing on the remedies for her civil contempt.

IT IS SO ORDERED.

Dated: **April 18, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE